IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALAN MARKWELL,

      Petitioner,

v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 2:14-cv-00086
Judge Sargus
Magistrate Judge King

## ORDER

On July 2, 2015, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation* (ECF No. 16). Petitioner objects to that recommendation. *Objection* (ECF No. 22). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 22) is **OVERRULED**. The *Report and Recommendation* (ECF No. 16) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner was convicted following a jury trial of rape and gross sexual imposition. He asserts in this action that the evidence was constitutionally insufficient to sustain his convictions; that the jury instructions failed to define each element of the charged offenses; and that he was denied the effective assistance of counsel because his attorney failed to move for a judgment of acquittal, failed to request a jury instruction on the meaning of "penetration," and failed to move for severance of the charges. The Magistrate Judge concluded that Petitioner's claims were either procedurally defaulted or without merit. Petitioner objects to the Magistrate Judge's recommendations.

1

Petitioner objects to the Magistrate Judge's conclusion that his claim of insufficiency of evidence lacks merit. He argues that the prosecution failed to establish his guilt beyond a reasonable doubt. Specifically, Petitioner contends that the State failed to establish his non-marriage to either of the alleged victims because it failed to introduce a marriage certificate or to elicit testimony from the alleged victims on their marital status. *Objection* (ECF No. 22, PageID# 872-73.) Petitioner also asserts that evidence that he penetrated C.T.'s vagina to the depth of a fingernail was insufficient to establish that sexual conduct occurred. *Id.* at PageID# 874.

Petitioner does not dispute the state appellate court's factual findings that the alleged victims testified that they were 9 and 16 years old, attended elementary and high school respectively, lived with their parents, and identified Petitioner as their "step-grandpa" or "grandpa." M.H. identified Charlotte Markwell as her grandma and Petitioner as her grandpa. Petitioner also "testified extensively concerning his family history and relationships including his first and second marriages." *State v. Markwell*, No. CT2011-0056, 2012 WL 2613903 at *4 (Ohio App. 12th Dist. July 2, 2012). Thus, neither of the children identified Petitioner as their spouse, their young ages made it unlikely that this was the case, and they lived with their parents, whom they did not identify as the Petitioner. Further, Petitioner did not claim to be married to either of the alleged victims. Additionally, C.T. testified that Petitioner penetrated her vagina to the depth of a fingernail, *id.* at *6, and Ohio law requires only that "slight" penetration occur. *Id.* When reviewing a claim of insufficiency of the evidence, a court must view all of the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under these circumstances, and considering the deferential standard of this Court's review, the

Court concludes that Petitioner's claim of insufficiency of the evidence fails to warrant federal habeas corpus relief. Petitioner's objections in this regard **are OVERRULED**.

Petitioner also objects to the Magistrate Judge's recommendation that his claim that he was denied a fair trial because of improper jury instructions be dismissed. Petitioner acknowledges that the trial court correctly instructed the jury on the definition of "penetration," as that term relates to a rape charge, but he argues that the trial court should have also instructed the jury that conviction requires evidence that the victim's *labia majora* were spread. Petitioner contends that the Ohio Court of Appeals' decision thereby misapplied the facts of the case under *Sullivan v. Louisiana*, 508 U.S. 275 (1993).[1] Petitioner also directs his objection in this regard to the Magistrate Judge's recommendation that his claim of the denial of the effective assistance of counsel based on his attorney's failure to request proper jury instructions on the meaning of "penetration" be dismissed. Petitioner specifically argues that the state appellate court's finding that he penetrated the alleged victim's vaginal canal constituted an unreasonable determination of the facts in light of the evidence presented, because there existed no evidence regarding the length of his victim's fingernails. *Objection,* PageID# 876.

The state appellate court held that the trial court's jury instructions complied with Ohio law and that Ohio's statutory definition of the term "penetration" does not require the State to prove a spreading of the vaginal lips. *Markwell,* 2012 WL 2613903, at *6. Further, the victim testified that she felt "pushed in" or "pushing" inside her "like the tip of your nail," or her fingernail. *Markwell,* 2012 WL 2613903, at *6. The state appellate court concluded, and this Court agrees, that these facts established that at least slight penetration occurred. Therefore, Petitioner's objections involving improper jury instructions are **OVERRULED**. Petitioner has

---

[1] In *Sullivan v. Louisiana*, 508 U.S. at 281, the Supreme Court held that the harmless error analysis does not apply to an unconstitutional jury instruction on the issue of reasonable doubt.

3

failed to establish the denial of the effective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), on this basis.

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 22) is **OVERRULED**. The *Report and Recommendation* (ECF No. 16) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

                                                  _____ 9-23-2015
                                                  EDMUND A. SARGUS, JR.
                                                  United States District Judge